**DILTS et al. v. FAULKNER et al.**

(No. 9957.)

(Court of Civil Appeals of Texas. Dallas. Nov. 27, 1926.)

**1. Injunction �köö⇒136(2) — Temporary injunction restraining erection of business buildings in violation of restriction held properly granted pending determination of suit involving validity of restriction.**

Where, in suit to remove alleged cloud on title by reason of certain restriction, issues were made entitling each side to trial by jury on merits, temporary injunction restraining erection of business buildings in violation of restriction pending determination of suit *held* properly granted.

**2. Injunction �köö⇒136(2)—Injunction held improperly issued against continuance of established business pending determination of validity of restriction prohibiting business houses.**

Injunction prohibiting continuance of established business *held* improperly issued pending determination of suit to remove alleged cloud from title, consisting of restriction prohibiting business houses.

**3. Injunction �köö⇒136(3)—Equity may close established business by temporary injunction only when continuance thereof would result in immediate and serious consequences to another.**

Court of equity is justified in closing established business by means of temporary injunction only when it is made to appear that continuance of such business, within itself lawful, would result in immediate and serious consequences to another.

Appeal from District Court, Dallas County; Royal R. Watkins, Judge.

Suit by Georgia May Dilts and husband against W. F. Faulkner, trustees of the Belmont Land Company, and others, subsequently dismissed as to trustees of the Belmont Land Company in which the remaining defendants filed a cross-action. From a judgment granting an injunction against plaintiffs pending determination of the suit, plaintiffs appeal. Judgment reformed and affirmed.

Ross M. Scott and J. E. Gilbert, both of Dallas, for appellants.

Etheridge McCormick & Bromberg, of Dallas, for appellees.

JONES, C. J. The subject-matter of this appeal is a judgment of the trial court overruling a motion to dissolve a temporary writ of injunction theretofore granted ex parte, and enlarging the scope of this temporary injunction after a hearing. The following statement of the case is deemed sufficient for an understanding of the issues involved:

Appellant Georgia May Dilts is the owner of lot 24 in block 24 of Belmont addition to the city of Dallas, and she is the wife of appellant J. Y. Dilts. Appellees W. F. Faulkner, G. B. Gaston and wife, John P. Jacobs, and S. H. Fanning are the owners of lots in Belmont addition that are situated near to appellants' lot, and use their respective lots for residence purposes. The Belmont Land Company was a corporation that owned and sold the principal portion of the lots in this said addition. At the time of the filing of this suit it had been dissolved, and its trustees were made parties to this suit, but, on their disclaimer, were dismissed.

Appellants instituted this suit in the district court of Dallas county for the purpose of removing an alleged cloud from the title to their lot by reason of a certain restriction placed in the deed from the Belmont Land Company to its immediate vendee, and incorporated in mesne conveyances to other purchasers of this lot. The effect of this restriction is to confine the use of the property strictly to residence purposes, and to prohibit its use for business purposes. The Belmont Land Company had disposed of all its lots prior to appellants' purchase of their said lot, which was on January 29th, 1926, and the same restrictive covenant was placed in the deed to every lot sold by said company.

Appellees answered by cross-action, pleading the restrictive covenant, and pleading that said addition had been opened as a restricted residence section under a definite plan and scheme announced by the Belmont Land Company, and that said restrictive covenant was placed in the deed to each lot sold by said company for the purpose of carrying out said scheme; that each of appellees had purchased the lot for residence purposes, believing in good faith that the said covenant was binding and in force, and that said Belmont addition was a restricted residence addition; that, after the filing of the suit, appellants were preparing to erect, and had begun the erection of, three business houses on their said lot, in direct violation of the terms of said covenant, and in violation of the rights secured to appellees by virtue of said scheme of improvement; that, if said business houses were erected, their homes would be depreciated in value, and damages would result to them. The allegations in this respect are full, and they prayed for the issuance of a temporary writ of injunction enjoining appellants from proceeding with the erection of such buildings pending the litigation. Appellees also alleged that there had been erected a two-story garage house on the rear of said lot, and that appellants were using the lower story or garage part of said building for the

carrying on of a business, in violation of said restrictive covenant, and in violation of the rights that came to each purchaser of a lot consequent upon said scheme of improvement and such restrictive covenant. The business alleged to have been operated in said building was an electrical shop, and they prayed for the issuance of a temporary writ of injunction restraining appellants from conducting said business at said place during the pendency of the litigation. This pleading of appellees was duly verified.

Upon presentation of this pleading to the judge of the court in which the suit was pending, he indorsed his fiat on same, directing the issuance of a temporary writ of injunction on the giving of bond in a named amount, restraining appellants from the erection of said buildings pending the determination of the suit, and also directing that notice issue to appellants to appear on a named day, and show cause why they should not also be enjoined from the further operation of their said business on their lot. Appellants answered by supplemental petition, the allegations of appellees in their answer and cross-action, and also moved the court to dissolve the temporary writ of injunction, and prayed that the additional injunction be denied. When the matter came on for hearing, the court entered its order overruling the motion to dissolve, and further ordered that the additional injunction be issued. To this action appellants duly excepted, and have perfected their appeal to this court. The additional injunction was issued, and appellants restrained from conducting their said business during the pendency of the suit.

[1] Appellants' allegations of the grounds relied upon for the removal of the cloud cast on the title to said lot, by reason of the restrictive covenant, have not been given, for the reason that on the disposition of this appeal it is not deemed necessary. Suffice it to say that such allegations, together with the allegations in the answer of appellees, present issues for serious consideration on the trial of the merits of the case. The question to be passed upon by this appeal is, Did the trial court abuse its discretion in preserving the status quo of the subject-matter of the litigation until its final determination? This condition was preserved by the issuance of the temporary writ of injunction temporarily restraining appellants from the erection of the buildings designed for business purposes. We do not think that there was any abuse of discretion on the part of the trial court in taking such action. Issues were made by the pleadings of the parties that entitled each side to a trial by a jury on the merits of the respective contentions, and we believe it was the duty of the court to preserve the status quo until the determination of these issues. Southland Sweet Potato Co. v. Beck (Tex. Civ. App.) 221 S. W. 656; Corbett v. Sweeney (Tex. Civ. App.) 151 S. W. 858.

[2, 3] The injunction granted, however, restraining appellants from conducting the business they had established before the issuance of the injunction, presents a more serious question. The evidence tends to show that some kind of business had been conducted at this place for some time past without objection from appellees. The business that appellant was conducting at the time of the issuance of this injunction was not unlawful, but, on the contrary, a useful and necessary business, and could only be prohibited if appellees were successful in their cross-action. It is not shown by the evidence offered that it in any way created a nuisance, or materially interfered with the use and enjoyment of their property by appellees. It is a serious matter to any one to be forbidden to continue the conduct of a business that may be the means of such person's support. It is only when it is made to appear that the continuance of any established business, within itself lawful, would result in immediate and serious consequences to another, that a court of equity is justified in closing such business by means of the issuance of a temporary writ of injunction. We are of the opinion that this latter injunction should not have been issued, at least to the extent that it prevents appellant from conducting the same business that he was conducting at the time of the issuance of the injunction. Certainly, when the equities of the parties are balanced, they are in favor of appellant, for we cannot see that any serious harm could result to appellees by a continuance of this business pending the litigation. Had it not already been established, a different question might have been presented.

It is our view that the injunctions issued should be modified to the extent that appellant will not be disturbed in continuing the same business in his place during the pendency of the suit. With the judgment of the lower court thus reformed, the case will be affirmed.

Reformed and affirmed.