BAKER et al. v. HENDERSON et al.

No. 8778.

Court of Civil Appeals of Texas. Austin.

Feb. 15, 1939.

Rehearing Denied March 8, 1939.

E. H. Smartt and Coleman Gay, both of Austin, for plaintiffs in error.

Ghent Sanderford and Felts, Wheeler & Wheeler, all of Austin, for defendants in error.

BAUGH, Justice.

The parties will be designated as in the trial court. Baker and others, residents of Westfield "A", an addition to the City of Austin, sought to enjoin the defendants from erecting a residence on lot 23, block 9, in said addition, on the ground that, as located on the lot, same violated building restrictions applicable to the entire addition; and particularly the restrictions contained in the deed to the defendants, R. D. Henderson and wife. Trial was to the court without a jury, and the injunction denied; hence this appeal by writ of error. The trial court filed extensive findings of fact and conclusions of law.

The subdivision in question was laid out in 1925, and the map or plat thereof showing blocks, lots and streets placed of record. It consisted of 18 blocks, 17 of which were divided into 288 lots. No building line restrictions were shown on the dedication as applicable to any of said lots. At the time of the trial hereof the original owners had sold and conveyed to purchasers 155 of these lots. Of this number, 122 lots, including the one here involved, con-

tained, among others, the following restriction: "Any such building or any outbuilding erected thereon shall not be closer than 75 feet to the property line fronting on any street adjoining said premises." The deeds to 33 lots contained the same provision but the setback distance was less, varying from 60 feet to 35 feet; and 3 conveyances contained no building line restrictions. These deeds also contained the further provision that if the grantee or his assigns violated such restrictive provisions, "then it shall be lawful for any person owning land in Westfield 'A' to institute and prosecute appropriate proceedings at law or in equity against the grantees, or any person or persons claiming under them, for the wrongs done or attempted, etc." The deeds to these lots by the original owners also provided that the lots so conveyed could not be subdivided for a period of five years after such conveyance.

The lot here involved was located at the southwest intersection of Forest Trail, a street 50 feet wide, running approximately north and south through said addition; and Bridle Path, a street 30 feet wide, running approximately east and west. It was bounded on the east by Forest Trail for a distance of 298.8 feet; and on the north by Bridle Path for a distance of 189 feet. It was acquired by Thomas H. Henderson from the original subdividers in 1925. In 1937, he conveyed the north 90 feet of it to his brother, Robert D. Henderson, who undertook to erect a residence on said north portion facing Forest Trail 80 feet back from its street line, but only 22 feet from the street line of Bridle Path. Thereupon plaintiffs, property owners in the immediate vicinity, brought this suit.

The plaintiffs' suit was predicated upon the contention that the setback restriction was a general scheme or plan applicable to the addition as a whole, and inuring to the use and benefit of all property owners therein; 2nd, that the 75-foot restriction applied to both streets on corner lots; and 3rd, that if no general scheme of restriction applicable to the whole addition be shown, the plaintiffs, whose property rights would be affected, were entitled to enforce the restriction contained in the deed to Thomas H. Henderson, and in that from him to Robert D. Henderson.

In so far as a general scheme or plan of uniform setback restrictions, applicable to the entire addition, was concern-

ed, the trial court found, upon sufficient evidence to sustain such finding, that there had never existed any such general plan or scheme. We do not understand that plaintiffs controvert this finding, and it need not be further considered.

The trial court also found that in placing their residence 80 feet back from Forest Trail, that being the street which the residence was to face, the defendants complied with the restriction in their deed that same "shall not be closer than 75 feet to the property line fronting on any street adjoining said premises." This finding was manifestly based upon a conclusion that, as applied to defendants' lot, Bridle Path was but a side street to which the restriction did not apply.

■ While there are many cases from other jurisdictions holding that on corner lots where the restriction applies to streets on which the property fronts, abuts, adjoins, etc., the restriction applies to both streets, we do not find it necessary to determine that issue here. And even though no general plan of restriction, inuring to the benefit of all owners of property in said addition, was shown, for the purposes of this suit we assume that plaintiffs were sufficiently interested in and affected by such restrictive covenant to entitle them to assert it in this suit, if they showed sufficient grounds to do so and had not waived it.

In the instant case, it was shown that on the corner lot east of the defendants' lot and directly across the street in front of it, two residences had been built, both of which were less than 75 feet from Forest Trail, and one of which was only 14 feet from Bridle Path. Diagonally across from the defendants' lot to the northeast, there had been erected two residences, one of which was 40 feet from Bridle Path and 41 feet from Forest Trail; and the other only 15 feet from Forest Trail. On the north of and directly across Bridle Path from defendants' lot was one residence on that lot 53½ feet from Bridle Path and 45 feet from Forest Trail. In brief, on the three other corner lots made by this street intersection, five residences had been erected all of which violated this 75-foot restriction, four of them flagrantly so. On the four blocks, corners of which were made by the street intersection at this point, there had been erected no less than eleven residences in violation of the setback restrictions contained in the deeds of conveyance. The plaintiffs herein were shown either to have permitted these violations of such restrictions without protest, where such buildings had been erected subsequent to the time they acquired their respective properties; or they had purchased their properties with knowledge of such violation as had already occurred. In addition the trial court found that no building could be erected on the property acquired by defendants in compliance with a 75-foot setback requirement, if it be held to apply to both streets; that if no building were permitted thereon, their property would be of little value; that the erection of the proposed residence as located would not injure the property of plaintiffs, but would enhance the value of same; and that the defendants' grantor has waived a compliance with the restriction in his deed to them by agreeing that such residence might be erected as proposed.

Under these facts and circumstances, it is clear, we think, that the trial court properly denied the injunctive relief sought.

■■ While it is well settled that a deviation from, or a violation of, a general scheme of restriction may be enjoined by property owners affected thereby, it is equally well settled that acquiescence in material violations thereof in such manner and to such an extent as to materially alter such scheme or destroy its efficacy, will preclude the right of such property owners to enforce it against another property owner to his injury. Clifton George Co. v. Great Southern Life Ins. Co., Tex.Civ.App., 234 S.W. 705; Johnson v. Poteet, Tex.Civ. App., 279 S.W. 902, writ refused; Dellaughter v. Hargrave, Tex.Civ.App., 40 S. W.2d 253; 14 Am.Jur., § 295, p. 644; Annotations in 85 A.L.R. 936. And where, as clearly shown by the facts above stated, it appears that the non-observance in the vicinity of defendants' lot by many property owners so materially altered the plan which the restriction was designed to accomplish that its efficacy was in large measure destroyed, that its enforcement against the defendants would work great hardship upon them, that the violation of the restriction, if the proposed location of their residence constituted a violation thereof, would result in little or no injury to the plaintiffs, equity will not lend its aid to the harsh remedy sought in the instant case.

While other questions are presented, the conclusion we have reached under the un-

controverted facts disposes of the case and the other issues become immaterial.

For the reasons stated, the judgment of the trial court will be affirmed.

Affirmed.