## SISK v. RICHARDS et al.
### No. 10950.

Court of Civil Appeals of Texas. Galveston.

July 6, 1939.

Harvey T. Fleming, of Houston, for appellant.

Alpha & Brunson, of Houston, for appellees.

GRAVES, Justice.

This appeal, advanced here under R.S. Article 4662, is from a judgment of the 61st District Court of Harris County refusing the appellant a temporary-injunction against the appellees, whereby he sought to have them "desist and refrain from building the house of the defendant, G. B. Magee, situated on the North 55 x 100 feet of Lot No. 6 in Block No. 42, First Addition to West University Place, Houston, Harris County, Texas, nearer than 30 feet to the front (North) property line of said Lot."

In so denying appellant the coveted writ, the trial court supported the judgment with these findings of fact and conclusions of law:

"Findings of Fact.

"1. I find from the evidence introduced upon the hearing for a temporary injunction in this case that the original developers and grantors of West University Place First Addition intended to create a general plan and building scheme by placing in the deeds to purchasers of lots certain restrictions, among which was a provision that residences should be located at least thirty (30) feet from the front property line of the lot.

"2. I find that the original developers and grantors of said Addition permitted numerous violations of such building line restriction by allowing residences to be built and located nearer than thirty feet to such front property line and that no apparent effort has ever been made to enforce such restriction.

"3. I find that in connection with such general plan and scheme the original developers and grantors of said Addition took the position that owners of corner lots in said Addition had the right and privilege of deciding for themselves which street line would be their front property lines.

"4. I find that the intended general plan and building scheme of the original developers and grantors of said Addition, in so far as the building line restriction is concerned, has been disregarded, ignored and abandoned by said grantors and by owners of property in said Addition.

"5. I find that the plaintiff, Guy Sisk, has himself violated said building line restriction by building his own home on Lot 5, Block 42, closer than thirty feet to the front property line of said lot.

"6. I find that the plaintiff has permitted the construction of at least three houses in his immediate neighborhood, with knowledge that the same were being erected closer than thirty feet to the front proprty lines, without protest.

"7. I find that the Zoning Commission, Board of Adjustment, and City Council, of West University Place, after consideration, have approved the location of defendant's proposed house as an exception to the Zoning Ordinance, and that the building permit has been issued to the defendant by the City of West University Place.

"8. I find that it is impossible to build the proposed house of defendant on the lot owned by him, if it is placed thirty feet from the property line, because the lot is not sufficient in width.

"Conclusions of Law.

"1. I conclude from the evidence that the plaintiff has waived whatever right he may have had to force the defendant to build his house thirty feet from Cason Street.

"2. I conclude that the plaintiff is not entitled to a temporary injunction against the defendant to prevent the building of defendant's house, as proposed, and that the plaintiff has an adequate remedy at law."

None of the quoted findings of fact are specifically attacked as such, nor could they have successfully been, in view of what this court finds, after an examination of the statement of facts, to be supporting evidence for all of them; since, therefore, the challenged judgment is basically rested upon the express finding that the facts, as well as the law, are with the appellees, there would seem to be little basis here for a revision. No abuse of a sound discretion is made to appear. 24 Texas Jurisprudence, Injunctions, paragraph 253, page 313.

Appellant makes much of the court's recited conclusion of law No. 2, and of its additional statement, after holding him not entitled on the facts to a temporary-injunction, "and that the plaintiff has an adequate remedy at law."

As indicated supra, the cause for the writ was determined adversely to the appellant, not on account of any finding that he had an adequate remedy at law, but on the utter absence of a factual-basis for the harsh remedy he sought; in other words, he having completely failed on the facts to show that he was entitled to the injunctive-relief, no question of whether there existed an adequate remedy at law was really left as a material one. Article 4642, Revised Civil Statutes of 1925; Hamilton v. Davis, Tex.Civ.App., 217 S. W. 431; 24 Tex.Jur., pages 68–83.

In the next place, the original grantors and developers of the Addition, as well as the appellant himself and other owners of property therein, having, under the quoted findings that must be accepted here as stating the established facts, permitted such violations of the building-line restriction as constituted an abandonment of any originally intended general plan to the contrary, no right to injunction was established. Curlee v. Walker, 112 Tex. 40, 244 S.W. 497; Baker v. Henderson, Tex.Civ.App., 125 S.W.2d 660; Green v. Gerner, Tex.Com.App., 289 S.W. 999; 12 Tex.Jur., page 173, section 108.

Finally, the appellant likewise wholly failed to show that he had been damaged by the complained-of failure of the City of West University Place—before the issuance of its building-permit to the appellee for the construction of the latter's house as an exception to the City's zoning ordinance—to give him notice, so that he could have protested in advance against the granting thereof; this, for the reason that he did have opportunity to and did present such protest and was accorded a hearing thereon after the permit had been issued, but on the same day thereof; having been refused such relief, he then resorted to the court in this proceeding,

which, under this court's holding in City of West University Place v. Ellis, 118 S.W.2d 907, left him without legal grievance on that account.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal; an affirmance will enter.

Affirmed.