SCANLON et al. v. DEWHURST et al.

No. 11631.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 16, 1946.

Rehearing Denied Nov. 13, 1946.

Leonard Brown and Archie S. Brown, both of San Antonio, for appellants.

Schweppe, Schweppe & Allison, of San Antonio, for appellees.

NORVELL, Justice.

This is an appeal from a temporary injunction restraining James J. Scanlon (owner) and J. V. McGuire (lessee) from operating an establishment for the cleaning and pressing of wearing apparel in a building situated on the North 20 feet of Lot 6, New City Block 6003, of the City of San Antonio, Texas.

The basis of the injunction is a restrictive covenant contained in deeds to lots situated in the "Dignowity Hill Place" subdivision.

This subdivision consists of eight city blocks, bounded on the north by Burnett Street, on the east by New Braunfels Avenue, on the south by Dawson Street and on the west by Palmetto Street. Nolan Street runs east and west through the subdivision at the center line thereof. There are three interior streets running north and south through the subdivision.

The restrictive covenant involved provides that: "None of the said property hereinabove conveyed or within a part of the said Dignowity Hill Place shall ever be used for the purpose of conducting a mercantile business, or any kind of business of barter or sale. * * * providing, however, that two business stores may be built and maintained upon lots to be designated by said vendor (the original owner of the subdivision) * * *."

The deeds provided that the above restriction was for the benefit of all purchasers of lots in the subdivision, as well as for the benefit of the original vendor.

Appellees here (plaintiffs below) are the owners of various lots in Dignowity Hill Place.

Appellants here contend that the restriction relating to "a mercantile business or any kind of business of barter and sale" does not apply to a cleaning and pressing business, for the reason that in such a business services only are rendered, and no articles of merchandise are sold or offered for sale.

We need not decide this point, for the reason that we are of the opinion that an injunction can not effectually promote the purposes of the restrictive covenant insofar as the particular area here involved is concerned. For the purposes of this opinion, we shall assume that a cleaning and pressing business comes within the restriction.

Upon the trial there was no written evidence of a designation of two business lots, as provided for in the covenant above quoted. Appellees did, however, introduce evidence to the effect that some twenty years ago there were business establishments of some kind on the southeast lot and on the northeast lot (corner Burnett Street and New Braunfels Ave.) of the subdivision. At the present time, however, the southeast lot is occupied by a residence.

In order to make clear the physical facts existing along New Braunfels Avenue, we

here include a sketch of that part of the subdivision fronting on said avenue:

The upper tier of lots in New City Block No. 6003, Lots 7 to 12, inclusive, are fifty feet in width along New Braunfels Ave-nue, with the exception of Lot 7, which has a forty foot front. The lower tier of lots in Block 6003 is separated from the upper tier by an alley approximately 14 feet in width. Lot 6, Block 6003, and Lot 6, Block 6007, both front 140 feet on New Braunfels and are separated by Nolan Street, which is about 56 feet in width. Lot 6, Block 6007, and Lot 7 in said block, are separated by a 14 foot alley. Lot 7 is 40 feet in width, while Lots 8 to 11, inclusive, of Block 6007, each front 50 feet on New Braunfels Avenue.

Lots 10, 11 and 12, Block 6003, are now occupied by a variety store, fronting approximately 150 feet on New Braunfels Avenue. Lots 7, 8 and 9 are occupied by residences owned by three of the appellees in this suit.

The north 20 feet of Lot 6, Block 6003, are occupied by the building that houses the cleaning and pressing business involved here. The south 120 feet of said Lot 6 are occupied by a gasoline filling station and its appurtenant driveways.

A building occupied by a fruit and vegetable business is situated on Lot 6, Block 6007. There are also driveways over parts of this lot which are used in connection with the business.

Lots 7, 8 and 9, in Block 6007, are apparently occupied by residences, while a second gasoline filling station is situated on Lots 10 and 11 of said Block.

The total New Braunfels Avenue frontage from the south boundary of Burnett Street to the north boundary of Dawson Street is 894 feet, of which 84 feet are occupied by streets and alleys, 510 feet by commercial establishments, exclusive of the 20 feet occupied by the cleaning and pressing establishment, while 280 feet are occupied by lots upon which residences have been erected. For a distance of 304 feet along New Braunfels Avenue north of the north boundary line of the 20 foot tract involved, 14 feet are occupied by an alley, 140 feet by residences, and 150 feet by a mercantile establishment. To the south, along New Braunfels Avenue from the south boundary of the 20 foot tract a distance of 316 feet, the entire frontage, with the exception of Nolan Street, is oc-

cupied by mercantile establishments. The evidence shows that all of these business establishments have been in existence along New Braunfels Avenue for a period of at least eight years. The evidence also indicates that the east side of New Braunfels Avenue, which lies outside the "Dignowity Hill Place" subdivision but directly across therefrom, is occupied for the most part by stores and business establishments.

We think it evident, by reason of the facts above set out which are undisputed, that the portion of "Dignowity Hill Place" subdivision fronting on New Braunfels Avenue, in the vicinity of the twenty foot tract here involved, is in fact an area primarily devoted to and occupied by commercial establishments. The purpose of the covenant to restrict all of the lots in the subdivision along New Braunfels Avenue (with the possible exception of Lot 12, Block 6003) to residential purposes has been defeated, and the issuance of an injunction affecting the use of the 20 foot tract owned by Scanlon, would be ineffective as a means of carrying out the purpose of the restriction.

 Under such fact circumstances an injunction will not issue. "A change in the character of the neighborhood which was intended to be created by restrictions has generally been held to prevent their enforcement in equity where it is no longer possible to accomplish the purpose intended by such covenant, * * *." 14 Am. Jur. 646, § 302. See also: Baker v. Henderson, Tex.Civ.App., 125 S.W.2d 660, aff'd 137 Tex. 266, 153 S.W.2d 465; Johnson v. Poteet, Tex.Civ.App., 279 S.W. 902.

Appellees' suit was predicated upon the restrictive covenant above set out which applies to "a mercantile business or any kind of a business of barter and sale." In the covenant no distinction is attempted as to various kinds of businesses which may come under the general classification designated in the restriction. Assuming, as we have for the purpose of this opinion, that a cleaning and pressing business does come within the terms of the restriction, then there is no basis in the wording of the covenant for a distinction between a cleaning and pressing business, on one hand, and a variety store, a fruit and vegetable store and a gasoline filling station, on the other hand. The evidence indicates that appellees' real objection to the cleaning and pressing plant is not its mercantile character, but the fact that it emits noxious and disagreeable fumes and odors.

Appellees' suit was not based upon the theory of nuisance or anything similar thereto. It was a suit for the enforcement of a restrictive covenant and nothing more.

For the reasons above set out, the order of the trial court will be reversed and the temporary injunction vacated.

Reversed and rendered.