## PARRINO v. DUBOIS.

### No. 15037.

Court of Civil Appeals of Texas.
Fort Worth.

April 22, 1949.

Rehearing Denied May 20, 1949.

306

Max R. Rosenfield and Elihu E. Berwald, both of Dallas, for appellant.

Bowyer, Gray, Thomas, Crozier & Jaffe and Morris I. Jaffe, all of Dallas, for appellee.

McDONALD, Chief Justice.

Appellee Dubois brought this suit to enjoin appellant Parrino from violating alleged building restrictions by erecting and operating a place of business on a designated lot in Dallas. The petition contained a prayer for a temporary injunction, which the trial court granted, enjoining Parrino from operating a business on said lot pending the final hearing and determination of the cause. Parrino has appealed from this interlocutory order, presenting seven points of error.

Under the first point it is claimed that the temporary injunction served to destroy the existing status quo, and to grant to appellee all the relief that he could have obtained by final decree.

The proof shows that shortly after appellant purchased the land in question he erected thereon a sign indicating that a place of business would be operated on the lot. Appellee's attorney wrote appellant a letter on March 18, 1948, advising him that said attorney represented property owners in the addition in question and that suit would be filed against all business establishments in the addition. After he received such letter, appellant began construction of a business building. While the building was in course of construction, plaintiff filed this suit, on July 14th. The petition for temporary injunction was heard on August 11th.

Appellant especially relies on the case of City of Farmersville v. Texas-Louisiana Power Co., Tex.Civ.App., 33 S.W.2d 272, 274, to support his contention that the temporary injunction here issued served to destroy the existing status quo and to grant to appellee all the relief he could have obtained in a final decree. As we read the opinion cited, it supports a contrary view. In the cited case the trial court dissolved a temporary injunction, and the appeal was from the order of dissolution. It would be difficult, if possible, to improve on the statements found in said opinion of the rules governing appeals from temporary injunction orders. Some of the statements will be quoted. "An interlocutory injunction is a provisional remedy allowed before a hearing on the merits with the sole object to preserve the subject in controversy in its then existing condition. * * * The rights of the parties are not concluded by the interlocutory order entered, as its entry is not dependent upon the adjudication of the merits of the case." It is said that the specific question to be decided on appeal is whether it was necessary to issue the temporary injunction to maintain the status quo of the controversy until a final hearing in the cause. In defining the term "status quo" the court says, "The general rule is that it refers to the last actual, peaceable, noncontested status of the parties to the controversy, which preceded the pending suit, and which should be preserved until a final decree can be entered."

The last noncontested status in the present suit was that prevailing when appellant placed his sign on the lot and plaintiff's attorney wrote him a letter giving notice that property owners would contest the establishment of places of business in the addition. Appellant later began the construction of the building, and the court ordered the temporary injunction issued to preserve the status quo until the matter could be determined on the merits. Appellant interprets the injunction decree as one ordering him to remove at once the partially completed building. We find nothing in the language of the decree to warrant such an interpretation of it. It simply enjoins appellant from "operating a business" on the lot, pending a final determination of the suit.

Appellee cites two cases which appear to us to be directly in point and in support of the action taken by the trial court.

In Dilts v. Faulkner, Tex.Civ.App., 289 S.W. 131, it was held that the trial court did not abuse its discretion in ordering a temporary injunction restraining appellants in that case from erecting buildings designed for business purposes, but that there was an abuse of discretion in restraining appellants from conducting a business which they had established and were conducting prior to the time the temporary injunction was ordered.

In Green v. Gerner, Tex.Com.App., 289 S.W. 999, an appeal from an order granting a temporary injunction, the court held that the evidence failed to show restrictive covenants imposed for the benefit of all the lands involved, but further held that the verified allegations presented additional fact issues, and that the trial court did not abuse its discretion in preserving the status through issuance of a temporary injunction. The Commission of Appeals must have had in mind the thought expressed in City of Farmersville v. Texas-Louisiana Power Co., supra, 33 S.W.2d loc. cit. 274, as follows: "In all appeals from an interlocutory order granting or refusing to grant, dissolving or refusing to dissolve, a temporary writ of injunction, the sole question presented is, Did the trial court abuse its discretion in entering the order from which the appeal is prosecuted?" The first point of error is overruled.

■ The second and third points of error present the contention that the restrictive clauses in the deeds were mere conditions subsequent, and not covenants running with the land. We shall not pass on this question, save to say that the record does not present a case of abuse of discretion in ordering a temporary injunction on the basis of the evidence before the court. Whether there was such a plan for uniform restrictions throughout the addition as would give to the owner of any lot in the addition the right to enforce them by injunction is a question that can be finally determined under all the evidence before the court on the final hearing. The decision in Green v. Gerner, 289 S.W. 999, cited supra, is in point here. The rules of appellate procedure do not require that we undertake in this opinion to lay down rules for the guidance of the court and the parties in the final hearing of the cause.

■ Under the fourth point it is argued that the restrictions are no longer enforceable because of a purported release of the restrictions signed by one of the original grantors in the deeds which created the restrictions. The ultimate decision of this question may depend, wholly or in part, on what the evidence shows on the final hearing with respect to the matter of uniformity of the restrictions throughout the addition. For somewhat the same reasons given in overruling the preceding points of error, we overrule this one.

The argument advanced under the fifth point of error is that the property owners in the addition, and particularly appellee and his predecessors in title, had permitted without objection such other alterations and changes in the area as to render the lot in question suitable only for business purposes. Under the sixth point it is argued that the character of the portion of the area involved has so changed as to become unsuitable for residence purposes, and suitable only for business purposes. Under the seventh point it is argued that the injunction should not have been ordered because appellee did not seek to enforce the alleged restriction until after appellant had purchased the lot, had entered into a contract for the erection of a business building, and had expended large sums in virtually completing the building. We express no opinion as to whether the court should finally enjoin violation of the restrictions, if the evidence is substantially the same on the final hearing as it was on the hearing from which this appeal is taken, but only hold that the record before us does not show an abuse of discretion on the part of the trial court in ordering the temporary injunction.

We have carefully examined the decisions cited by appellant, including those above mentioned, but find nothing in any of them in conflict with what we have held here. Pierson v. Canfield, Tex.Civ.App.,

272 S.W. 231; Johnson v. Poteet, Tex.Civ. App., 279 S.W. 902; Foster v. Bunting, Tex.Civ.App., 19 S.W.2d 784; Ragland v. Overton, Tex.Civ.App., 44 S.W.2d 768; and Baker v. Henderson, Tex.Civ.App., 125 S.W.2d 660; Id., 137 Tex. 266, 153 S.W.2d 465, were appeals from the final decree, not appeals from an interlocutory order granting or refusing a temporary injunction, and did not therefore involve the question as to abuse of discretion by the trial court in granting or refusing a temporary injunction. The complained of violation in Clifton George Co. v. Great Southern Life Insurance Co., Tex.Civ. App., 234 S.W. 705, had been going on for several years before suit was filed, and for that and other reasons set out in the opinion it was held that the prayer for temporary injunction was erroneously granted. Even a cursory examination of the facts in Scanlon v. Dewhurst, Tex.Civ. App., 197 S.W.2d 518, reveals that there had been such change in the character of use of the area in that case as would preclude the enforcement of the restrictions by equitable remedies.

The judgment of the trial court is affirmed.