Heirs of Carmen Figueroa Disdier and Miguel Olmedo, etc., Plaintiffs and Appellees, *v.* Domingo Hernández, Defendant and Appellant.

No. 10334. Argued May 3, 1951.—Decided May 10, 1951.

476

*E. Martínez Rivera* for appellant. *Harry M. Besosa* for appellees.

MR. JUSTICE SNYDER delivered the opinion of the Court.

The plaintiffs and the defendant are the respective owners of two adjoining lots. The plaintiffs filed this suit to recover possession of a portion of land between the two properties. The plaintiffs alleged that a week before they filed the petition herein, while the plaintiffs were in possession of this portion of land, the defendant tore down in great part the fence which was on the boundary line of the two properties, destroyed trees which marked the said boundary, and placed posts indicating that he intends to construct a new fence.

In addition to the prayer for an injunction, the petition requested a restraining order that the defendant immediately cease the said spoliation and deliver the portion of land involved herein to the plaintiffs until the court determined who was entitled to possession. The lower court issued a restraining order requiring the defendant "to vacate" the portion of land in dispute and "to cease immediately from continuing to destroy property and trees of the plaintiffs" until the court determined the rights of the parties. The order also fixed a date on which the defendant was required to appear and show cause why a preliminary injunction should not be issued until the judgment is entered on the petition for a definitive injunction.

The defendant filed an "opposition" to the prayer for a preliminary injunction.[1] In it he denied that he has destroyed any property of the plaintiffs or that he has taken

---

[1] Actually the plaintiffs never prayed for a preliminary injunction. The petition as we have seen asked only for a restraining order and a final injunction. However, the lower court itself provided for a hearing on the desirability of a preliminary injunction.

possession of any portion of their land. He alleged that since 1940 he has been in possession of the said portion of land and that he had torn down some trees thereon and had begun to construct a provisional fence in order to build a house.

The defendant also filed a "Demand for a Survey" addressed to the plaintiffs "in order to determine if the plaintiffs are in possession of any land which corresponds to the lot of the defendant which is described as follows (here follows a description of the defendant's lot)." In its concluding paragraph this demand states that it is made "because the defendant believes in good faith that he has a right to a portion of land of his lot the possession of which you are claiming in this action."

The defendant filed an answer to the petition for injunction in substantially the same terms as his opposition to the prayer for a preliminary injunction. In addition, the answer contained a counterclaim requesting that the lower court decree a survey and order the plaintiffs to give the defendant possession of any land which is established as belonging to the latter's lot.

The plaintiffs moved to eliminate the counterclaim. The lower court denied the motion of the defendant for a survey. Although the lower court did not expressly rule on the counterclaim, its action on the motion for a survey had the effect of granting the motion of the plaintiffs to eliminate the counterclaim.

A hearing was held on the prayer for a preliminary injunction. On the basis of the testimony at that hearing and an ocular inspection, the lower court entered a final judgment in favor of the plaintiffs. The case is here on appeal from that judgment.

■ The first assignment is that the lower court erred in issuing the restraining order without hearing the defendant. By its own terms the restraining order expired 7 days after its issuance. We therefore do not stop to determine

the academic question of its validity. *Trigo Hermanos etc.* v. *Sobrinos de Izquierdo, ante,* p. 421.

■■ The second assignment is that the lower court erred in refusing to order the survey requested by the defendant under Rule 34 of the Rules of Civil Procedure.

By virtue of Rule 81(a), the Rules of Civil Procedure apply to a petition for injunction to recover possession of land. But when we made the Rules applicable to such actions, we did not modify their scope. We meant only to provide that the procedural aspects of such a case shall be governed by the Rules. Consequently, it is still a possessory action within which only the fact of possession, not the right to possession, may be litigated. For us to hold that the defendant was entitled as he contends here to file a request for a survey which would determine the issue of title or a counterclaim for the same purpose would be in effect to abolish the action of injunction to recover possession. And far from abolishing this action, Rule 81(a) reaffirms its existence.

We hold that although the Rules in general apply to this suit, Rules 13 and 34 may not be utilized to convert the suit into an action to try title. Their use for that purpose would be incompatible with the continued existence of the action of injunction to recover possession as provided in Rule 81(a). In view of the foregoing, we reaffirm our holding in *Rivera* v. *Cancel,* 68 P.R.R. 339, that only the fact of possession may be tried in this type of action. *Mena* v. *Llerandi,* 70 P.R.R. 163 is distinguishable. In that case by acquiescence of the parties the possessory action was replaced by a suit for a survey. The second error was not committed.

■■ The third assignment is that the district court erred in entering judgment on the basis of the testimony adduced at the hearing on the preliminary injunction.

There is no dispute that the lower court entered a final judgment after holding a hearing only on the request for a preliminary injunction. The defendant moved for reconsideration on this ground. In denying this motion, the lower court

stated that the allegations in opposition to the preliminary injunction were substantially the same as those in the answer to the petition; that the defendant had the opportunity to present all his testimony to the court at the hearing for a preliminary injunction; and that "The fact that the parties were originally cited for the hearing on the preliminary injunction ought not to be an obstacle against issuance of an injunction to recover possession, if the court has before it all the elements of proof necessary therefor, especially in a case like this in which the only thing tried is the simple fact of possession."

We cannot agree with the lower court in the foregoing reasoning. As we pointed out in *Echevarría et al.* v. *Saurí*, 38 P.R.R. 661, 667, the trial court may grant an injunction *pendente lite* in aid of its jurisdiction in an injunction suit to recover possession. But under those circumstances the purpose of a preliminary injunction would be solely to preserve the *status quo* pending the trial on the merits. It would, for example, be designed to prevent further depredations on the property in dispute such as those alleged herein. But restoration of possession may not ordinarily be granted by preliminary injunction where that is precisely the only issue in controversy. To do so would be in effect to decide the case on the merits on a motion for preliminary relief. Instead the lower court as promptly as possible should hear the petition for a final injunction and only then restore the plaintiffs to possession if it is warranted by the testimony.

 Even in a classical injunction suit ordinarily a preliminary injunction cannot be used to take possession of land from one party to transfer it to another. 39 L.R.A. (N. S.) 31. There is an exception to this rule under certain circumstances where the plaintiff was forcibly deprived of possession shortly before the filing of the suit. See 39 L.R.A. N. S.) 31; *Pennsylvania Public Utility Commission* v. *Israel*, 52 A. 2d 317 (Pa., 1947); *Hartley* v. *Brady*, 114 S. W. 2d 406 (Tex., 1938); *State* v. *American Ins. Co.*, 173 S. W. 2d 51

(Mo., 1943); *Parrino* v. *Dubois*, 220 S. W. 2d 305 (Tex., 1949). But this exception, generally speaking, applies only in the broad and flexible procedure of a classical injunction suit and not in the present possessory action where the only issue is the fact of possession.

In any event, without reference to the nature of the relief which may be granted by way of preliminary injunction herein, the lower court erred in entering a final judgment merely on the basis of the hearing for a preliminary injunction. A request for the latter is addressed to the discretion of the court which grants or denies it on the balance of relative convenience and damage. See *Rivera* v. *Tugwell, Governor*, 59 P.R.R. 834; *Perry* v. *Perry*, 190 F. 2d 601 (C. A., D. C., April 12, 1951). This is quite different from the test which obtains on the merits. Moreover, a party might well reserve a substantial amount of his proof for the hearing on the merits. We hold that the lower court erred in deciding the case finally on the basis of the testimony at the hearing for a preliminary injunction. We shall therefore remand the case for a hearing on the merits.

The fourth assignment is that the lower court erred in awarding attorney's fees to the plaintiffs in the amount of $100. The result we have reached makes it necessary for us to hold that this error was committed.

The judgment of the district court will be reversed and the case remanded for further proceedings not inconsistent with this opinion.